# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FARIA JIMINEZ, Ramon Antonio,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | **NO. 26-3083** |
| **v.** | : | |
| | : | |
| **J.L. JAMISON, Warden of the** | : | |
| **Federal Detention Center,** | : | |
| **Philadelphia, *et al.*,** | : | |
| *Respondents.* | : | |

## ORDER

**AND NOW**, this 12th day of May 2026, upon consideration of Petitioner Ramon Antonio Faria Jiminez's, ("Petitioner"), *petition for habeas corpus*, (the "Petition"), (ECF 1), and Respondents' (the "Government"),[1] answer in opposition, (ECF 4), it is hereby **ORDERED** that, for the reasons set forth in the footnote, the Petition *for habeas corpus* is **GRANTED**,[2] as follows:

---

[1]      Petitioner has named as Respondents the following individuals in their official capacities, *to wit*: J.L. Jamison, Warden of the Federal Detention Center, ("FDC"), Philadelphia; John E. Rife, Acting Field Officer Director, Office of Immigration and Custom Enforcement, ("ICE"), Markwayne Mullin, Secretary, Department of Homeland Security, ("DHS"); Todd Blanche, U.S. Attorney General, as well as the following entities: the United States Department of Homeland Security, and the Executive Office of Immigration Review. (ECF 1).

[2]      Petitioner is a native and citizen of Venezuela who entered the United States on or about April 14, 2024. (ECF 1 at ¶ 17); (*see also* ECF 4-1, Petitioner's notice to appear which places his entry as April 13, 2024) (ECF 4-2, Petitioner's I-94 Arrival Record putting Petitioner's arrival date on April 12, 2024). It appears that upon crossing the border between the United States and Mexico around San Ysidro, California, Petitioner, at a point of entry, was inspected, and granted entry into the country "through CBP One." (*Id.*). CBP One is now called CBP Home, which is an application maintained by the United States Customs and Border Protection, ("CBP"), that allows asylum seekers and others crossing the border to report to and receive information from the government as to their immigration status and proceedings. *See* https://www.cbp.gov/about, (last accessed May 11, 2026); (*see also* ECF 1 at ¶ 18). Upon this interaction, Petitioner was issued a Notice to Appear, which required him to appear in front of an Immigration Court on June 15, 2028. (ECF 4-1). Upon entry, Petitioner lived with his sister in Philadelphia and filed an asylum application, (A-244-486-958), that is scheduled for a master hearing on April 19, 2028, *see* https://acis.eoir.justice.gov/en/caseInformation, and obtained a work permit and social security number. (*See id.* at ¶ 19).

         The Government does not contest Petitioner's assertion that he "complied with all the conditions of his removal proceedings and immigration release." (*See* ECF 1 at ¶ 20); (*see generally* ECF 4). The Government makes no contention that Petitioner has been alleged to have committed or been convicted of committing a crime or is a flight risk. His record of compliance with his release conditions speaks for itself. (*See generally*, ECF 4).

By way of the underlying Petition, Petitioner seeks *habeas* relief in the form of immediate release from detention or, alternatively, a bond hearing pursuant to 8 U.S.C. § 1226. (ECF 1). Petitioner argues that his detention violates the INA, and his rights under the Fifth Amendment Due Process Clause of the United States Constitution. (*Id.*). In its response, the Government argues that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2) and that his detention comports with constitutional due process.

Notably, on or about May 4, 2026, at a meeting scheduled by DHS, which Petitioner dutifully attended, Petitioner was detained by DHS, pending his removal proceedings. If the Government's position were acceptable, it would have this Court issue an order which would allow for an indeterminate detention of an asylum seeker who has, by all accounts, complied with every condition of his release, including reporting dutifully to DHS check-ins and, further, is not accused of committing a crime or being a flight risk. Based on his Notice to Appear and Master Hearing date for his asylum claim, any such detention could be for two or more years. This Court holds such position by the Government is both at odds with the Immigration Nationality Act, ("INA"), as well as the Due Process Clause to the United States Constitution.

Petitioner argues that his detention violates the plain language of the INA because Section 1225(b)(2) does not apply to individuals like himself, who previously entered and are residing in the United States. (*See* ECF 1 at ¶ 42). Rather, Petitioner argues, individuals like himself are subject to 8 U.S.C. § 1226(a). (*Id.* at ¶ 26). In its response, the Government argues that because Petitioner is present in this country and has not been admitted, he is an "applicant for admission" who is also "seeking admission" such that he is lawfully being detained pursuant to 8 U.S.C. § 1225(b)(2). (*Id.* at pp. 6-12). This is an argument the Government reiterates and which this Court and others in this district and throughout the country have addressed and rejected. (ECF 4).

As to the Government's position that Section 1225(b)(2) justifies Petitioner's detention, this Court herein incorporates by reference its many rulings on this very issue and again finds that DHS is not authorized to detain Petitioner pursuant to 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Kumar v. McShane*, Civil Action No. 25-6238, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, No.25-7420, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026). The Court further finds that DHS' authority to detain Petitioner lies, at best, within 8 U.S.C. § 1226(a), because he is a noncitizen who entered with inspection and who was released on his own recognizance, complied with every release condition, and for whom there is no evidence or proffer of a flight risk or danger. As such, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without such a hearing violates the INA. *See id.*

Petitioner also argues that he maintains his fundamental interest in liberty and freedom from restraint and the Government's detention of him without a bond hearing to determine whether he is a flight risk or danger to others violates his right to due process. (ECF 1 at ¶¶ 32-35). The Government argues that Petitioner's detention is aligned with its "profound" interest to detain undocumented individuals during removal proceedings and that Petitioner's detention has not yet reached an unreasonable duration, relying on a Supreme Court case analyzing substantive due process violations.

Construing Petitioner's challenge as rooted in procedural due process, the Court applies the *Mathews v. Eldrige* balancing test to determine whether Petitioner's rights have been violated. 424 U.S. 319, 335 (1976). The first *Mathews* factor, Petitioner's private interest, weighs heavily in his favor because his implicated interest is his liberty. The second factor, the risk of erroneous deprivation of such interest, also weighs in Petitioner's favor because the facts suggest that his liberty interest is being unjustifiably deprived. Nothing in the record suggests that Petitioner must be detained to ensure his compliance with immigration authorities. To the contrary, he has fully complied with the conditions imposed by DHS. Finally, considering the Government's interest, the Court finds that the function and burden — if any exist — on the Government to provide Petitioner with due process do not justify the current intrusion on

1. The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act, ("INA"), and the Due Process Clause of the Fifth Amendment of the United States Constitution;

2. Because Petitioner is in custody in violation of the law and the Constitution of the United States, he is to be *immediately* released from the FDC;

3. The Government is further directed to return to Petitioner any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on May 4, 2026; and

4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on May 13, 2026.

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

Petitioner's rights.  On balance, considering the *Mathews* factors, this Court finds that the Government's failure to afford Petitioner with due process in effectuating his detention violates his due process rights.

Considering the statutory and due process violations, Petitioner seeks his immediate release from custody.  The Government posits that Petitioner's detention is lawful under the INA and is constitutional and provides no argument as to a remedy.  A *habeas* court is empowered to "dispose of the matter as law and justice require."  28 U.S.C. §§ 2241(a), 2243.  "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention."  *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).  Accordingly, for the reasons set forth, this Court finds that Petitioner's detention is a violation of the INA, as well as a violation of Petitioner's Constitutional due process rights.  *See* 28 U.S.C. § 2241(c)(3).  Consequently, this Court finds that law and justice require Petitioner's immediate release.